# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARLA D. ALCORN and | § | |
| KEVIN W. ALCORN | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-715 |
| | § | Judge Mazzant |
| EXECUTIVE HOME MORTGAGE, | § | |
| LTD., DON W. LEDBETTER, PLLC, | § | |
| J. P. MORGAN CHASE BANK, N.A., | § | |
| FAY SERVICING, LLC, U.S. NATIONAL | § | |
| BANK ASSOC, as Trustee for | § | |
| PROF-2013-M4 REMIC TRUST, | § | |

## **MEMORANDUM OPINION**

Pending before the Court is Defendant JPMC's Motion to Dismiss Plaintiffs' Complaint (Dkt. #8). The Court, having considered the relevant pleadings, finds that Defendant's motion should be granted.

## **BACKGROUND**

Plaintiffs commenced this lawsuit against Defendants in state court. On November 11, 2014, Defendant JPMorgan Chase Bank, N.A. (JPMC), incorrectly sued as "J.P. Morgan Chase Bank, N.A.," removed this case to this Court. On November 13, 2014, the Court entered its Order and Advisory, giving Plaintiffs an opportunity to file an amended complaint. Plaintiffs did not file an amended pleading. On January 2, 2015, JPMC filed a Motion to Dismiss (Dkt. #8). No response was filed.

## **LEGAL STANDARD**

Defendant moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes certain defenses to be presented via pretrial motions. A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to

legal liability of the defendant. The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

Rule 12(b)(6) provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In deciding a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "The Supreme Court recently expounded upon the *Twombly* standard, explaining that '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "It follows, that 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Id*.

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of

a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In determining whether to grant a motion to dismiss, a district court may generally not "go outside the pleadings." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005) (finding that because of plaintiff's *pro se* status, "precedent compels us to examine all of his complaint, including the attachments"); FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Furthermore, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

## DISCUSSION AND ANALYSIS

On January 2, 2015, JPMC filed a motion to dismiss (Dkt. #8). No response was filed. Local Rule CV-7(d) provides as follows:

**Response and Briefing.** The response and any briefing shall be contained in one document.

A party opposing a motion shall file the response, any briefing and supporting documents within the time period prescribed by Subsection (e) of this rule. A response shall be accompanied by a proposed order conforming to the requirements of Subsection (a) of this rule. Briefing shall contain a concise statement of the reasons in opposition to the motion and a citation of authorities upon which the party relies. **In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition.** (Emphasis added).

Plaintiffs have not filed a response. Since Plaintiffs have not filed a response, the Court will assume that they are not opposed to the Court's granting Defendant's motion to dismiss. Furthermore, a review of Defendant's motion illustrates that Plaintiffs have no plausible claims against Defendant. The Court has reviewed the motion to dismiss and finds that Defendant's motion to dismiss should be granted. Plaintiffs fail to allege any facts that would make any of their claims plausible.

It is therefore **ORDERED** that Defendant's Motion to Dismiss (Dkt. #8) is hereby **GRANTED** and Plaintiffs' claims against Defendant JPMorgan Chase Bank, N.A. are **DISMISSED** with prejudice.

**SIGNED this 17th day of February, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE